CAUSE NO. 2019-2302-A

| | | |
|---|---|---|
| **Yin Investments USA, L.P.** § | | IN THE DISTRICT COURT |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| v. § | | 188TH JUDICIAL DISTRICT |
| § | | |
| **ASPEN AMERICAN INSURANCE COMPANY** § | | |
| § | | |
| *Defendant.* § | | OF GREGG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES YIN INVESTMENTS USA, L.P., Plaintiff in the above styled and numbered cause, and files this its Original Petition complaining of ASPEN AMERICAN INSURANCE COMPANY (sometimes referred to as "Defendant" herein), and for cause of action respectfully shows the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1    The Plaintiff intends that discovery in this case shall be conducted under Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure. Pursuant to Rule 47(c)(4) of the Texas Rules of Civil Procedure, Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000.

### II. PARTIES

2.1    Plaintiff, Yin Investments USA, L.P., is a domestic limited partnership, formed and existing under the laws of the State of Texas.

2.2     Defendant, Aspen American Insurance Company, is reportedly a Texas authorized insurance company permitted to conduct business in the state of Texas. Defendant may be served through its registered agent for service, Corporation Service Company, at the registered address of 211 E 7th Street Suite 620, Austin, Texas 78701.

### III. JURISDICTION AND VENUE

3.1     This Court has venue over this action pursuant to Sections 15.002(a)(1) of the Texas Civil Practice & Remedies Code because Gregg County is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.  This Court has jurisdiction over this action as the damages sought are within the jurisdictional limits of the court.

### IV. STATEMENT OF FACTS

4.1     Plaintiff is the owner of commercial property located 501 TX-63 Spur, Longview, Texas 75601 (the "Property"). On or about March 10, 2018, the Property was damaged as a result of hail and wind during a storm event.

4.2     Defendant issued a commercial insurance policy (the "Policy") to Plaintiff which covered the Property from certain damages or losses incurred such as hail damage during a storm event. The Policy issued by Defendant insured the Property from December 12, 2017 to December 12, 2018.

4.3     Plaintiff would show it timely filed a claim with Defendant as required under the Policy for the repair or replacement of the damages to the Property caused by hail and wind during the storm event. Plaintiff would show that Defendant does not dispute the damages incurred to the Property are covered under the Policy. Following an evaluation of the claim by Defendant, a disagreement arose between Plaintiff and Defendant regarding the extent of the damages and the repair and replacement costs necessary to return the Property to the condition it had prior to the

storm event. Defendant has not paid for costs to repair or replace the damage covered under the Policy and caused by the storm event.

4.4   Plaintiff retained a roof service company to investigate and provide an estimate regarding the damages sustained to the Property. Plaintiff would show that the reasonable costs for the necessary scope of work total $553,387.14.

## V. CONDITIONS PRECEDENT

5.1   All conditions precedent to Plaintiff's causes of action have been performed or have occurred. Despite demand by Plaintiff that Defendant pay the amounts due under the Policy, Defendant has failed and refused and continues to fail and refuse to pay the total value of the claim for which it is obligated to pay under the Policy.

## VI. BREACH OF CONTRACT

6.1   Plaintiff and Defendant, entered into the Policy specified herein in which Defendant agreed to provide the necessary scope of repairs for damage to the Property for the covered damages caused to the Premises and furnish all necessary labor and materials according to the terms of agreement outlined in the Policy. Plaintiff has complied with its obligations as required and necessary under the express terms of the Policy with Defendant or has been prevented by Defendant from doing so. All conditions precedent to Plaintiff's right of recovery pursuant to the Policy have occurred. As a result of Defendant's refusal to comply with its obligations to Plaintiff under the Policy, Defendant has breached the Policy with Plaintiff.

6.2   Plaintiff adopts the foregoing allegations set forth above which show that as a result, Plaintiff is entitled to reasonable attorneys' fees as allowed by Texas Civil Practice & Remedies Code §38.001 et. seq.  and the Texas Insurance Code. Plaintiff presented demand for its reasonable attorneys' fees on April 9, 2019, more than thirty (30) days have expired since Plaintiff

first presented demand for payment to Defendant. Plaintiff retained the undersigned counsel to recover the amounts owed. Defendant is bound and obligated to pay Plaintiff for the reasonable attorneys' fees and costs related to the collection of such sums pursuant to the provisions of Texas Civil Practice & Remedies Code §38.001 et.seq. and the Texas Insurance Code. All conditions precedent to Plaintiff's right of recovery have occurred or have been prevented by Defendant's conduct. Plaintiff has complied with all pre-suit requirements of the Texas Insurance Code prior to the filing of this lawsuit.

### VII. TEXAS DECEPTIVE TRADE PRACTICES CONSUMER PROTECTION ACT

7.1     Plaintiff adopts the foregoing allegations set forth above which show that as a result, Plaintiff is a consumer of Defendant under the Texas Deceptive Trade Practices—Consumer Protection Act (DTPA), Section 17 et seq. of the Texas Business and Commerce Code, in that Plaintiff sought and acquired goods or services from Defendant by purchasing them.

7.2     Defendant is guilty of false, misleading, or deceptive acts or practices in the conduct of any trade or commerce in violation of the DTPA in the following respects:

>    a. Defendant violated Section 17.46(b)(5) of the Texas Business and Commerce Code by representing that its goods or services would have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they did not have;
>
>    b. Defendant violated Section 17.46(b)(7) of the Texas Business and Commerce Code by representing that goods or services would be of a particular standard, quality, or grade when they were of another;
>
>    c. Defendant violated Section 17.46(b)(9) of the Texas Business and Commerce Code by advertising goods or services with an intent not to sell them as advertised;
>
>    d. Defendant violated Section 17.46(b)(12) of the Texas Business and Commerce Code by representing that an agreement confers or involves rights, remedies, or obligations which it did not have or involve;
>
>    e. Defendant violated Section 17.50(a)(2) of the Texas Business and Commerce Code by breaching express or implied warranties that the services contracted for would be as represented and fit for the particular

purpose for which they were purchased, namely, the repair or replacement of commercial property damaged by a covered loss;

   f. Defendant violated Section 17.50(a)(3) of the Texas Business and Commerce Code by using false, misleading, or deceptive acts or practices that were unconscionable actions or courses of action by taking advantage of Plaintiff's lack of knowledge, ability, experience, or capacity to a grossly unfair degree and/or that resulted in a gross disparity between the value received and consideration paid; and

   g. Defendant violated Section 17.50(a)(4) of the Texas Business and Commerce Code by using or employing an act or practice in violation of Chapter 541 of the Texas Insurance Code through its failure "in good faith to effectuate prompt, fair, and equitable settlement of claims" and to compel its policyholder to institute this lawsuit to recover the amount due under the Policy by offer substantially less than the amount ultimately recovered.

7.3   Plaintiff also sueS to recover court costs and reasonable attorneys' fees pursuant to Section 17.50(d) of the Texas Business and Commerce Code.

## VIII. VIOLATIONS OF TEXAS INSURANCE CODE SECTION 542

8.1   Plaintiff adopts the foregoing allegations set forth above. Plaintiff filed a claim under the Policy, gave proper notice of its claim to Defendant, Defendant is liable for the claim and more than sixty (60) days have passed after Defendant received all reasonably requested and required items from Plaintiff. Plaintiff has been compelled to engage the services of the undersigned attorneys for the prosecution and collection of the sums pursuant to its claim. Accordingly, Defendant has violated Chapter 542 of the Texas Insurance Code by not timely paying the claim, and Plaintiff is entitled to recover from Defendant damages in addition to the amount payable under the Policy, together with reasonable attorneys' fees in the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

## IX.
## VIOLATIONS OF TEXAS INSURANCE CODE SECTION 541 AND BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

9.1   Plaintiff would additionally show that from the time its claim was presented to Defendant, and given the voluminous evidence presented demonstrating the need for total roof replacement, Defendant's liability to pay the full claim was more than reasonably clear. Defendant failed to conduct a reasonable and proper investigation of the claim even when presented with sufficient evidence from Plaintiff demonstrating the extent of the damage to the Property. Upon the denial of full coverage, Defendant breached its insurance contract with Plaintiff. Due to the special relationship arising between Defendant and Plaintiff upon entering the insurance contract, Defendant's wrongful withholding of benefits due under the Policy constitutes a breach of the duty of good faith and fair dealing between the parties to the insurance contract in violation of the common law duty of good faith and fair dealing and §541 of the *Texas Insurance Code*.

## X. INTEREST

10.1   Plaintiff would further show the Court that it is entitled to recover both prejudgment interest and post-judgment interest as provided by law.

## XI. DEMAND FOR JURY TRIAL

11.1   Plaintiff hereby demands a jury trial of the above styled and numbered cause. Plaintiff is entitled to a trial by jury pursuant to the Constitution of the State of Texas, Art. 1, §15, Art. 5, §10 and *Texas Rule of Civil Procedure* 216. Payment of a jury fee accompanied the filing of this Petition.

## XII. REQUESTS FOR DISCLOSURE

11.1   Pursuant to Texas Rule of Civil Procedure 194, Defendant is requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## REQUEST FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff, YIN INVESTMENTS USA, L.P., requests that judgment be entered against Defendant, ASPEN AMERICAN INSURANCE COMPANY, and upon final trial, Plaintiff have and recover from Defendant:

1. Damages as set forth herein;
2. Pre-judgment and post-judgment interest at the highest rate allowed by law until paid in full;
3. Costs of suit;
4. An award of reasonable attorneys' fees; and
5. For such other and further relief in law and in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

/s/ *Randal L. Dean*
Randal L. Dean, SBN 00789249
E: RDean@BrownPruitt.com
Daniel J. Paret, SBN 24088181
E: DParet@BrownPruitt.com
Brown Pruitt Wambsganss Dean
Forman & Moore, P.C.
201 Main Street, Suite 801
Fort Worth, Texas  76102
T: (817) 338-4888; F: (817) 338-0700

**ATTORNEYS FOR PLAINTIFF**
**YIN INVESTMENTS USA, L.P.**